

**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

*Connecticut Financial Center*
*157 Church Street*
*P.O. Box 1824*
*New Haven, Connecticut 06510*

*(203)821-3700*

*Fax (203) 773-5376*

December 15, 2004

United States District Court
District of Connecticut
FILED AT HARTFORD
Dec. 15, 2004
Kevin F. Rowe, Clerk
By [signature]
Deputy Clerk

Michael Sherman, Esq.
Sherman & Richichi
27 Fifth Street
Stamford, Connecticut 06905

**Re:** **<u>United States v. Leib Kohn, L&M Manufacturing, & Nesco NY</u>**
**Criminal No. 3:04CR125(CFD)**

Dear Mr. Sherman:

This letter confirms the plea agreement entered into between your clients, Leib Kohn, L & M Manufacturing and Nesco New York Incorporated (the "defendants"), and the United States Attorney's Office for the District of Connecticut (the "Government") concerning the referenced criminal matter.

**THE PLEA AND OFFENSE**

Leib Kohn, and his business entities, L & M Manufacturing, Inc. and Nesco NY Inc. agree to plead guilty to Count One of a two-count indictment charging them with conspiracy to cause the export of United States Munitions List items from the United States without the proper authorization from the United States Government in violation of Title 22 U.S.C. §2778 and 22, Code of Federal Regulations, Sections 120, et seq (International Trafficking in Arms Regulations). The defendant Kohn and the corporate entities, through their authorized representative, understand that to be guilty of this offense the following essential elements of the offense must be satisfied:

1. The defendant agreed with at least one other person to export or cause the export of military items from the United States without the necessary approvals from the US Government;

2. The military items are defense items listed on the United States Munitions List;

3. The defendant acted knowingly and willfully, with an understanding that approval from the US Government was needed prior to the export of the items.

**THE PENALTIES**

This offense carries a maximum penalty of ten years imprisonment and a $1,000,000 fine, and for the corporations, a maximum penalty of a $1,000,000 fine and 5 years Probation. In addition, under 18 U.S.C. § 3583, the Court may impose a term of supervised release upon defendant Kohn of not more than three years, to begin at the expiration of any term of imprisonment imposed. The defendant Kohn understands that should he violate any condition of the supervised release during its term, he may be required to serve a further term of imprisonment ~~equal to the period of the supervised release with~~ of two years no credit for the time already spent on supervised release.

The defendants are also is subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendants is the greatest of the following amounts: (1) twice the gross gain to the defendants resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) $250,000; or (4) the amount specified in the section defining the offense which is $1,000,000.

In addition, each corporate defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100.00 on each count of conviction. The defendants agree to pay the special assessment to the Clerk of the Court on the day the guilty pleas are accepted. and defendant Kohn must pay a special assessment of $100.00.

Finally, unless otherwise ordered, should the Court impose a fine of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of a fine amount not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine pursuant to 18 U.S.C. §§3572 (h), (i) and § 3612(g).

Restitution

In addition to the other penalties provided by law, the Court may also order that the defendants make restitution under 18 U.S.C. §3663A. The scope and effect of the order of restitution are set forth in the attached Rider Concerning Restitution. Restitution is payable immediately unless ordered otherwise by the Court.

Fine

In addition to any restitution that may be ordered by the Court, the defendant Kohn agrees to pay a criminal fine in the amount of $25,000. The defendant Kohn agrees to pay the fine within 60 days of the entry of his guilty plea. The defendant understands that if he fails to remit payment for the fine that the Government may seek to void this agreement. The defendants understand that the fine range applicable to this offense is between $12,500 and $125,000 and the Court is not bound by the agreed upon fine and may impose a fine upon Kohn individually, or upon the corporate entities, which exceeds $25,000. The defendant Kohn and the corporate defendants understand that there would be no right to withdraw the guilty plea if the fine imposed by the Court exceeded $25,000, either individually or collectively.

Forfeiture

The defendants agree to forfeit to the United States all property and tangible items which are subject of the offense, including, but not limited to, all munitions list items procured from United States entities, or received by the defendants from any other participant in the illegal activity, including Eli Cohen and the Israeli business entity QPS, located in Binyamina, Israel. In that regard, the defendant agrees to forfeit to the United States all munitions list items identified and located at his residence in Brooklyn, New York, on December 6, 2004, including the items specified in the attached inventory, which is appended hereto as Exhibit A.

The defendant understands and agrees that by virtue of his plea of guilty he waives any rights or cause of action to claim that he is a "substantially prevailing party" for the purpose of recovery of attorney fees and other litigation costs in any related forfeiture proceeding pursuant to 28 U.S.C. §2465(b)(1).

Debarment

The defendants understand that they will be debarred and prevented from any and all export privileges as a result of these offenses. The defendants Kohn, L&M Manufacturing and Nesco NY Incorporated agree that they will not challenge any such debarment proceeding instituted by the U.S. Department of State, United States Department of Commerce arising as a result of the conduct which forms the basis of the indictment in this case, and will agree to the entry of any debarment order issued by any United States agency as a result of the conduct forming the basis of the offenses in this case.

Corporate Authorization

Defendant Leib Kohn agrees that he is duly authorized to enter the pleas of guilty on behalf of the corporate entities, L&M Manufacturing and Nesco NY Incorporated.

Corporate Defendants – Probation

a. General Terms

The defendant corporate entities, L&M Manufacturing and Nesco NY Incorporated, agree and understand that the Court may place them on probation for a period of five years from the date of sentencing. The defendants shall cooperate fully with the U.S. Department of Justice, the U.S. Attorneys Office for the District of Connecticut, the U.S. Department of Homeland Security, U.S. State Department and U.S. Commerce Department officials by complying with all reasonable and lawful requests for inspection, verification and monitoring of all practices relating to the export of commodities by the defendants, or any of its subsidiaries, from the United States.

The United States has relied on this pledge of L&M Manufacturing and Nesco NY Incorporated in entering into this plea agreement. If L&M Manufacturing and Nesco NY Inc. fails to pay its fine at the time of sentencing, or fails to make proper provisions for future

payment that the government reviews and approves prior to sentencing, or fails to implement or abide by an acceptable export compliance program, the Government may void all or part of this agreement, and the defendants would not be permitted to withdraw their pleas of guilty.

Waiver of Right to Challenge Absence of Jury
Findings re Facts Used to Increase Sentence

The defendant understands that he may be able to argue under Appendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 125 S. Ct. 2531 (2004) that he had the right to have a grand jury and a trial jury make certain findings of facts that could, in turn, determine whether the Court could apply certain specific offense characteristics and other adjustments under the Sentencing Guidelines that may increase his Total Adjusted Offense Level and/or his Criminal History Category. The defendant further understands that he may be able to argue that any fact that increases the penalty for a crime beyond a prescribed level must be approved by a grand jury and submitted to a trial jury and proved beyond a reasonable doubt. The defendant knowingly and voluntarily waives his right to have or have had facts which may be relevant to the enhancement of his sentence submitted for findings by a grand jury or trial jury.

**THE SENTENCING GUIDELINES**

1. Applicability

The defendant understands that the Sentencing Reform Act of 1984 and the Sentencing Guidelines apply in this case. The defendant understands that the Court is required to consider any applicable Sentencing Guidelines but may depart from those Guidelines under some circumstances. The defendant expressly understands that the Sentencing Guideline determinations will be made by the Court, based upon input from the defendant, the Government, and the United States Probation Officer who prepares the presentence investigation report. The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guideline application is other than he anticipated.

ii Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the defendants Adjusted Offense Level under section §3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, the Government intends to file a motion with the Court pursuant to §3E1.1(b) recommending that the Court reduce defendant's Adjusted Offense Level by one additional level based on the defendant's prompt notification of his intention to enter a plea of guilty. This recommendation is conditioned upon the defendant's full, complete, and truthful disclosure to the Probation Office of information requested, of the circumstances surrounding his commission of the offense, of his criminal history, and of his financial condition by submitting a complete and truthful financial statement. In addition, this recommendation is conditioned upon the defendant timely providing complete information to the Government concerning his involvement in the offense to which he is pleading guilty. The defendant expressly understands that the Court is not obligated to accept the Government's recommendation on the reduction.

The Government will not make this recommendation if the defendant engages in any acts which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (Sentencing Guideline section §3E1.1); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (Sentencing Guideline §3C1.1); or (3) constitute a violation of any condition of release. Moreover, the Government will not make this recommendation if the defendant seeks to withdraw his plea of guilty. The defendant expressly understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make this recommendation.

2. Guideline Stipulation

The Government and the defendant stipulate the defendant Kohn's applicable Sentencing Guidelines to be at a range of 46 to 57 months' imprisonment and a fine range of $12,500 to $125,000. The base offense level under U.S.S.G. §2M5.2 is 26. 3 levels are subtracted under U.S.S.G. § 3E1.1 for acceptance of responsibility, as noted above, resulting in a total offense level of 23. A total offense level 23 with a criminal history category I, which the parties calculate the defendant to be, results in a range of 46 to 57 months' imprisonment (sentencing table) and a fine range of $12,500 to $125,000 (U.S.S.G. § 5E1.2(c)(3)). The defendant Kohn agrees to pay a $25,000 criminal fine within 60 days of the plea as part of the agreement with the government.

The defendant expressly understands that the Court is not bound by this agreement on the Guideline and fine calculations specified above. The defendant further expressly understands that he will not be permitted to withdraw the plea of guilty if the Court imposes a sentence outside the Guideline range or fine range set forth in this agreement.

In the event the Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the Government expressly reserves the right to challenge or defend any sentencing determination, other than that stipulated by the parties, in any post-sentencing proceeding.

v. Waiver of Right to Appeal
or Collaterally Attack Sentence

The defendant Kohn acknowledges that under certain circumstances he is entitled to appeal his conviction and sentence. 18 U.S.C. § 3742. It is specifically agreed that neither the defendant Kohn nor defendants L&M Manufacturing and Nesco NY Incorporated will appeal or collaterally attack in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or §2241, the conviction or sentence of imprisonment imposed by the Court if that sentence does not exceed 57 months, a three year term of supervised release, and a $125,000 fine even if the Court reaches a sentencing range permitting such a sentence by a Guideline analysis different from that specified above. The defendants expressly acknowledge that they are knowingly and intelligently waiving their appellate rights.

3. Information to the Court

The Government expressly reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, it is expressly understood that the Government will discuss the facts of this case, including information regarding the defendant Kohn's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to its file, with the exception of grand jury material.

**WAIVER OF RIGHTS**

Waiver of Trial Rights and Consequences of Plea

The defendants each understand that they have the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him/them.

The defendant Kohn and the corporate defendants, L&M and Nesco understand that they have the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him/them, the right not to be compelled to incriminate themselves, and the right to compulsory process for the attendance of witnesses to testify in their defense. The defendants understand that by pleading guilty they waive and give up those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant Kohn understands that if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

Waiver of Statute of Limitations

The defendants understand and agrees that should the conviction following defendants plea of guilty pursuant to this plea agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against each defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendants agree to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

**ACKNOWLEDGEMENT OF GUILT; VOLUNTARINESS OF PLEA**

The defendants acknowledge that they are entering into this agreement and are pleading guilty freely and voluntarily because they are guilty. The defendants further acknowledge that they are entering into this agreement without reliance upon any discussions between the

Government and them (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant Kohn further acknowledges his understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law. The defendants also acknowledges their complete satisfaction with the representation and advice received from the undersigned attorney. The defendants and their undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendants in the case.

**SCOPE OF THE AGREEMENT**

The defendants acknowledge and understand that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to them with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendants understand and acknowledge that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving them.

**COLLATERAL CONSEQUENCES**

The defendants further understand that they will be adjudicated guilty of each offense to which they plead guilty and will be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, to possess firearms and to export items from the United States. The defendants understand that the Government reserves the right to notify any state or federal agency by which the defendants are licensed, or with which they do business, as well as any current or future employer of the fact of the convictions. The Government further reserves the right to notify the U.S. Department of State, Department of Defense Trade Controls, the United States Army, and the United States Department of Commerce of the fact of the convictions.

**SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH**

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendants in the District of Connecticut as a result of their participation in diverting United States munitions items to Israel, which forms the basis of the indictment in this case. At sentencing, the Government agrees to dismiss Count Two of the Indictment against all defendants.

The defendants understands that if, before sentencing, they violate any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, the defendants will not be permitted to withdraw their plea of guilty.

**NO OTHER PROMISES**

Apart from any written Proffer Agreement, the defendant Kohn acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

ROBERT M. APPLETON
ASSISTANT UNITED STATES ATTORNEY

The defendant Kohn certifies that he has read this plea agreement letter and its attachment(s) or has had it read or translated to him, that he has had ample time to discuss this agreement and its attachment(s) with counsel and that he fully understands and accepts its terms as it applies to himself personally, and as the representative of the corporate defendants, L&M Manufacturing and Nesco NY Inc.

Leib Kohn
The Defendant

12/15/04
Date

I have thoroughly read, reviewed and explained this plea agreement and its attachment(s) to my client who advises me that he understands and accepts its terms.

MICHAEL SHERMAN, ESQ.
Attorney for the Defendants

12-15-05
Date

RIDER CONCERNING RESTITUTION

The Court shall order that the defendant make restitution under 18 U.S.C. § §3663A. The order of restitution may include:

1. If the offense resulted in damage to or loss or destruction of property of a victim of the offense, the order of restitution shall require the defendant to:

A. Return the property to the owner of the property or someone designated by the owner; or

B. If return of the property is impossible, impracticable, or inadequate, pay an amount equal to:

The greater of -

(I) the value of the property on the date of the damage, loss, or destruction; or

(II) the value of the property on the date of sentencing, less the value as of the date the property is returned.

2. In the case of an offense resulting in bodily injury to a victim --

A. pay an amount equal to the costs of necessary medical and related professional services and devices related to physical, psychiatric, and psychological care; including non-medical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment;

B. pay an amount equal to the cost of necessary physical and occupational therapy and rehabilitation; and

C. reimburse the victim for income lost by such victim as a result of such offense;

3. In the case of an offense resulting in bodily injury that results in the death of the victim, pay an amount equal to the cost of necessary funeral and related services; and

4. In any case, reimburse the victim for lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense.

The order of restitution has the effect of a civil judgment against the defendant. In addition to the court ordered restitution, the court may order that the conditions of its order of restitution be made a condition of probation or supervised release. Failure to make restitution as ordered may result in a revocation of probation, or a modification of the conditions of supervised release, or in the defendant being held in contempt under 18 U.S.C. § 3583(e). Failure to pay restitution may also result in the defendant's re-sentencing to any sentence which might originally have been imposed by the Court. See 18 U.S.C. §3614. The Court may also order that the defendant give notice to any victim(s) of his offense under 18 U.S.C. § 3555.